PETER STYVESANT APTS., INC., Respondent, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, Respondent, and LONG ISLAND RAILROAD COMPANY, Respondent.— Judgment in favor of the plaintiff in the sum of $250 and enjoining defendant Brooklyn and Queens Transit Corporation from operating street cars over certain property adjacent to that of the plaintiff except upon the further payment of $4,750 as additional damages, and dismissing the complaint as to defendant Long Island Railroad Company, affirmed, without costs. In our opinion, whether or not the approaches to the loop track may be regarded as " turnouts " within the meaning of the existing franchises, defendant transit corporation may properly maintain and operate such approaches by reasonable implication from the terms of such franchises. (*Brooklyn Heights R. R. Co.* v. *City of Brooklyn*, 152 N. Y. 244.) But, though the legal right to operate and maintain such cars may exist, they may not be operated and maintained in

such a manner as to constitute a nuisance. (*Garvey* v. *Long Island R. R. Co.*, 159 N. Y. 323; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 id. 10; *Davis* v. *International Railway Co.*, 89 Misc. 489; affd., 169 App. Div. 968; affd., 222 N. Y. 606.) The location of the plaintiff's apartment building in an unrestricted zone does not constitute an estoppel but is merely one factor to be considered in determining whether a nuisance exists. In our opinion, the damages awarded were not inadequate in amount. The complaint against defendant Long Island Railroad Company was properly dismissed. Davis, Adel and Close, JJ., concur; Carswell and Johnston, JJ., concur in the affirmance of the judgment except as to that part which affirms the fixation of $4,750 as the amount of additional damages, as to which they dissent, being of opinion that the total damages should be fixed at $10,000.